AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.          **ORDER OF DETENTION PENDING TRIAL**

_____JASON D. HAWKINS_____          Case Number: 10-mj-8059-01-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 5, 2010          s/ David J. Waxse
                              *Signature of Judicial Officer*

                              DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                              *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether there are conditions that will assure your appearance and assure the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether it is a crime of violence or involves a firearm or controlled substances. Obviously your case involves both so that is a negative.

The next factor is the weight of the evidence. Judge O'Hara made a determination of probable cause which is a negative.

There is nothing about your physical and mental conditions that seem to be a problem.

Family ties are not a problem

Employment is a problem since you are a student and unemployed.

The next factor is financial resources. There is no indication that you have substantial resources that would enable you to flee so that is positive.

Length of residence in the community is positive.

Community ties are positive.

Past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, is a serious problem in your case. You have several convictions and several problems of either failing to appear or not complying with terms of probation.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release. It appears that you were on release from municipal violations which do not actually have conditions, so you were not on conditions at that point.

The final factor is the nature and seriousness of the danger to any person in the community

2

that would be posed by your release. You have too many charges and convictions involving both drugs and guns. Having had the prior convictions, you should be fully aware that it is illegal to have a weapon. There has not yet been a determination beyond a reasonable doubt but there is probable cause to believe that on two occasions since your last completion of a sentence you have had weapons. It does not appear to me that any conditions I set would be sufficient to protect the safety of the community or to assure your appearance so you will remain detained.